**FILED**
OCT 21 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Natalie Carol Barbadoro, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09 1987 |
| ) | |
| The State of Massachusetts et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on consideration of plaintiff's pro se complaint and application to proceed in forma pauperis. The Court will grant the application to proceed in forma pauperis and dismiss the complaint.

Plaintiff brings this "civil rights" and "human rights complaint," against the State of Massachusetts and its "lower and state courts" and the District of Columbia and its "lower courts," Compl. at 1, alleging "vicious violations of both" her civil and human rights, *id.* at 12, and "stalking by both the legal and medical professions," *id.* at 1. The 12-page complaint contains a substantial amount of information about the plaintiff's social and family history, and her current destitute situation, but it contains no factual allegations of wrong doing by the defendants named.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). One of the purposes of the minimum

standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint here fails to meet the requirements of Rule 8(a). It does not indicate what the defendants did to cause injury to the plaintiff(s) or what relief the plaintiff(s) seek. The Court cannot discern a cause of action or what relief is sought. In addition, the complaint does not set forth a short and plain statement regarding this Court's jurisdiction over this matter, and the court cannot discern any basis for its jurisdiction on the face of this complaint. Accordingly, the Court will dismiss the complaint without prejudice for lack of subject matter jurisdiction. An appropriate order accompanies this memorandum opinion.

Date: 10/15/09

United States District Judge